IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN D. WEAKLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: 3:22-cv-00447 |
| | ) |
| CITY OF RICHMOND et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANTS WILLIAM SMITH'S AND WILLIAM
BLACKWELL'S REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7(F), Defendants William Smith ("former Chief Smith") and William Blackwell ("former Chief Blackwell") (collectively the "former Chiefs"), by counsel, respectfully submit this Reply Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint against them.

**I.    INTRODUCTION**

Plaintiff's Memorandum in Opposition to Defendant Smith's and Blackwell's Motion to Dismiss (ECF No. 48) ("Opposition") does nothing to alter the conclusion that the facts alleged in his Complaint (ECF No. 1) fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983 ("§ 1983") against the former Chiefs.  Plaintiff cannot run from the fact that the protest he attended on June 23, 2020 was justifiably and reasonably declared an unlawful assembly for reasons entirely unrelated to the content of his, or any other protestor's speech.  He further cannot run from the fact that the force used to disperse the crowd, after 30 minutes of warning, was objectively reasonable in light of the circumstances facing the officers and the public.

II.    **ARGUMENT**

    A.    **The First Amendment Claim (Count I) Against the Former Chiefs Must be Dismissed.**

To support his claim that he was involved in a peaceful protest in the overnight hours of June 23, 2020, a claim belied by the video exhibits attached to the Complaint, and that the declaration of an unlawful assembly thus violated his First Amendment rights, Plaintiff relies heavily on Stout v. Baroody, No. 3:21cv476, 2022 WL 3325780 (E.D. Va. Aug. 11, 2022), a case which is unpersuasive. In Stout, Plaintiff correctly notes that the Fredericksburg Police Department ("FPD") declared an unlawful assembly in response to a protest wherein protestors knelt and laid down in the street and that the FPD deployed chemical irritants. Id. at *1; Opposition at 6. Plaintiff left out a key fact however, that the FPD "deployed tear gas, pepper spray, and other projectiles on the protestors" *nine seconds* after the unlawful assembly declaration. Id. at *1-2. Further, following an independent review of the FPD's response, the Police Executive Research Forum ("PERF") found that the "FPD deployed tear gas on protestors even though no 'significant concern about an immediate threat to persons or property' existed, and no body-camera footage showed protestors engaging in acts of violence or destruction." Id. at *2.

In the case at bar, unlike the protest in Fredericksburg, Plaintiff was involved in a protest wherein protestors, armed with umbrellas, shields, and green lasers, gathered behind barricades on the street outside City Hall. See generally Compl., Ex. A, ECF No. 1-1. Following the declaration of an unlawful assembly due to the public safety risk presented by the protestors' blockade of a city street, the Richmond Police Department continued to warn the protestors that chemicals would be used to disperse the crowd if the protestors did not leave voluntarily. Id. Announcements were made for "approximately 30 minutes" *before* the police advanced on the

crowd or deployed any force. See Compl. ¶ 37. Further distinguishing Stout from the instant case, the Richmond Circuit Court agreed that the police—on the same night and in the same alleged event outside Richmond City Hall—"were justified in both determining the protest an unlawful assembly and dispersing the crowd." Va. Student Power Network v. City of Richmond, 107 Va. Cir. 137, 2021 WL 6550451, *9 (Richmond Cir. Ct. 2021).

Simply declaring a protest peaceful does not make it so. The circumstances and facts alleged show that Plaintiff participated in a protest wearing protective gear, and that other participants were also wearing protective gear and wielding weapons. See, e.g., Compl. ¶ 54 (describing Plaintiff as wearing a black helmet and goggles); ¶ 56 (describing an unknown protestor as wearing knee pads, a black helmet, carrying a makeshift shield, and swinging a stick). These protestors held their ground behind a barricade that fully blocked a public street. See Compl., Ex. A. Plaintiff and others showed up that night looking for a fight with the police.

No matter how worthy or righteous the cause, Plaintiff and his fellow protestors do not get carte blanche to block the streets and threaten public safety and call it constitutionally protected activity. See United Steelworkers of Am. v. Dalton, 544 F. Supp. 282, 289 (E.D. Va. 1982). As such, it is clear that "it was the protesters' actions, not the content of Plaintiffs' message, which caused Defendants to declare the June 22-23 protest and unlawful assembly." Va. Student Power Network, 2021 WL 6550451, at *9. Without sufficient facts to establish that Plaintiff engaged in constitutionally protected activity, Plaintiff's First Amendment claim fails as a matter of law.

    **B.**     **The Fourteenth Amendment Claim (Count II) Against the Former Chiefs Must be Dismissed.**

Though Plaintiff argues that his Fourteenth Amendment substantive due process right to bodily integrity survives dismissal because the claim is separate and distinct from his Fourth Amendment excessive force claim, the Stout case cited by Plaintiff (in support of his First

Amendment claim) undercuts this position.¹ The *pro se* plaintiffs in Stout brought a claim under the Fourteenth Amendment for circumstances similar to the case at bar, specifically that they were pepper sprayed, one of them at close range. 2022 WL 3325780 at *2. The Court found that though the Stouts brought excessive force claims under both the Fourth and Fourteenth Amendments, the claims were to be analyzed exclusively under the Fourth Amendment. See id. at *4. Here, though Plaintiff labels his Fourteenth Amendment claim as one for a violation of bodily integrity; it is apparent that it is claim for excessive force as Weakley cites to the same officers and ultimately the same actions as the grounds for his Fourteenth and Fourth Amendment claims. Compare Compl. ¶ 89 ("The acts of the individual officers named herein, involved the use of arbitrary state-actor conduct that deprived Plaintiff of his right to bodily integrity. Under the circumstances, the use of tear gas, OC spray, rubber bullets, stun grenades, and similar projectiles, batons, and the like constitute an invasion of bodily security through a 'means so brutal, demeaning, and harmful' as to be shocking to the conscience.") with Compl. ¶ 98 ("The actions of Defendants Frazer, Capra, Bradt, and Ridge involved the unlawful use of force against Weakley in an attempt to arrest him without probable cause, or otherwise employed excessive force to make a lawful arrest."). Thus, his claims must be analyzed under the Fourth Amendment. See Stout, 2022 WL 3325780 at *4 ("the Supreme Court has held 'that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest,

---

¹ Plaintiff also relies on two Fourth Circuit cases in support of his Fourteenth Amendment claim, however these cases are inapposite as they do not involve a plaintiff that was subject to force during a seizure. See Opposition at 8; Hall v. Tawney, 621 F.2d 607, 611 (4th Cir. 1980) (recognizing substantive due process right to be free of state intrusion into bodily security in the context of disciplinary corporal punishment in public school); Jones v. Wellham, 104 F.3d 620, 628 (4th Cir. 1997) ("[b]ecause the harm inflicted did not occur in the course of an attempted arrest or apprehension of one suspected of criminal conduct the claim was not one of a Fourth Amendment violation."). The Fourteenth Amendment is not applicable to the facts pled by Plaintiff as his alleged harm occurred during apprehension and arrest.

investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.'") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989).

### C. The Excessive Force Claim (Count III) Must be Dismissed.

Plaintiff is correct that "the inquiry on qualified immunity is whether a reasonable officer would have believed that the use of force alleged (and evidenced in the video exhibits submitted) was objectively reasonable in light of the circumstances." Opposition at 12 (citing Rowland v. Perry, 41 F.3d 167, 173 (4th Cir. 1994). The Complaint and Exhibits A and B to the Complaint make clear that the officers were faced with protestors who:

> (1) failed to immediately disperse after being lawfully told to do so and therefore violated Virginia Code § 18.2-492; (2) armed themselves with defensive protection, such as umbrellas, attempting to nullify Defendants' obligation and efforts to disperse the crowd; and (3) actively attempted to thwart Defendants' efforts by launching Defendants' crowd control weapons back toward the line of law enforcement officers.

Va. Student Power Network, 2022 WL 3325780 at *10; Compl. ¶ 37; Compl. Ex. A, timestamps 2:36, 18:49; Compl. Ex. B, timestamp 2:41. According to the Richmond Circuit Court, the force used was "reasonable as a matter of law." Id. at *11. Thus, if a Richmond Circuit Court judge found that the force was reasonable, a reasonable officer would certainly have believed that the use of force alleged was objectively reasonable in light of the circumstances during the night in question.

### D. The § 1983 Supervisory Liability Claim (Count VI) Must be Dismissed.

The former Chiefs incorporate by reference their arguments in the Memorandum of Law in Support of their Motion to Dismiss (ECF No. 35) related to Plaintiff's supervisory liability claim against them.

5

## IV. CONCLUSION

For the reasons set forth above, this Court should dismiss Plaintiff's claims against the former Chiefs with prejudice, and grant any further relief this Court deems appropriate.

Respectfully submitted,

By: /s/ *Steven D. Brown*

Steven D. Brown (VSB No. 42511)
Lindsey S. Komisin (VSB No. 84506)
Whitney E. Nelson (VSB No. 95911)
ISLERDARE P.C.
1111 East Main Street, Suite 1605
Richmond, Virginia 23219
Telephone: (804) 489-5500
Facsimile: (804) 234-8234
Email: sbrown@islerdare.com
Email: lkomisin@islerdare.com
Email: wnelson@islerdare.com

*Counsel for Defendants William Smith and William Blackwell*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of September 2022, a true and correct copy of the foregoing Defendants William Smith's and William Blackwell's Reply Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint has been filed with the Clerk of Court using the Court's CM/ECF filing system, which will then send notification of such filing (NEF) to the following:

Thomas L. Johnson, Jr., Esq.
Christopher L. Anderson, Esq.
Bricker Anderson & Johnson, PC
411 East Franklin Street, Suite 504
Richmond, Virginia 23219
Telephone: (804) 649-2304
Facsimile: (804) 649-33880
Email: johnson@bajinjurylaw.com
Email: anderson@bajinjurylaw.com

Miriam Airington-Fisher, Esq.
Jennifer Quezada, Esq.
Airington Law, PLLC
The Colonanade Building
4050 Innslake Drive, Suite 190
Glen Allen, Virginia 20360
Telephone: (804) 774-7117
Facsimile: (804) 597-5424
Email: mairington@airingtonlaw.com
Email: jquezada@airingtonlaw.com

*Counsel for Plaintiff*

Wirt P. Marks, Esq.
Senior Assistant City Attorney
900 East Broad Street, Room 400
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@Richmondgov.com

*Counsel for Defendant City of Richmond*

David P. Corrigan, Esq.
M. Scott Fisher, Jr., Esq.
Blaire H. O'Brien, Esq.
Harman Claytor Corrigan & Wellman
4951 Lake Brook Drive, Suite 100
Glen Allen, Virginia 23060
P.O. Box 70280
Richmond, Virginia 23255
Telephone: (804) 747-5200
Facsimile: (804) 747-6085
Email: dcorrigan@hccw.com
Email: sfisher@hccw.com
Email: bobrien@hccw.com

*Counsel for Defendant Benjamin Frazer*

Erin R. McNeill, Esq.
Robert B. McEntee, III, Esq.
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0598
Facsimile: (804) 371-2087
Email: emcneill@oag.state.va.us
Email: rmcenteeiii@oag.state.va. us

*Counsel for Defendants Jacob Capra, Anthony Bradt, and Ridge Duncan*

By: /s/ *Steven D. Brown*

Steven D. Brown (VSB No. 42511)
Lindsey S. Komisin (VSB No. 84506)
Whitney E. Nelson (VSB No. 95911)
ISLERDARE P.C.
1111 East Main Street, Suite 1605
Richmond, Virginia 23219
Telephone: (804) 489-5500
Facsimile: (804) 234-8234
Email: sbrown@islerdare.com
Email: lkomisin@islerdare.com
Email: wnelson@islerdare.com

*Counsel for Defendants William Smith and William Blackwell*