IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN D. WEAKLEY,

   Plaintiff,

v.                                            Case No. 3:22-cv-447-REP

CITY OF RICHMOND, BENJAMIN J.
FRAZER, JACOB CAPRA, ANTHONY
BRADT, DUNCAN RIDGE, WILLIAM C.
SMITH AND WILLIAM BLACKWELL,

   Defendants.

**DEFENDANT FRAZER'S REPLY
IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS**

**I.    State law governs Plaintiff's state law claims.**

In response to Frazer's assertion of statutory immunity from Plaintiff's state law claims in Counts IV and V, Plaintiff first argues that his state law claims simply rise and fall with the Fourth Amendment excessive force claim presented in Count III. Even the cases on which Plaintiff relies do not support this proposition. Specifically, in *Bromwell v. Pankoke*, No. 4:17-cv-60, 2018 WL 3580767, *7 (E.D. Va. July 25, 2018), the court cited the Fourth Circuit's conclusion in *Gray-Hopkins v. Prince George's County*, 309 F.3d 224, 232 (4th Cir. 2002) that state law claims for assault and battery are governed by state law.

Moreover, none of the cases on which Plaintiff relies involved a state law providing statutory immunity from the plaintiff's claims. *See Bromwell*, 2018 WL 3580767 at *7 (involving an assault and battery claim by an individual claimant against an individual officer in the course of a standard arrest that presented no question of state immunity); *Smith v. Ray*, 855 F. Supp. 2d 569 (E.D. Va. 2012) (same); *Rowland v. Perry*, 41 F.3d 167, 174 (4th Cir. 1994)

1

(same). Because these cases did not present questions of state statutory immunity, they have no relevance to the issues before the Court.

## II. Virginia law creates immunity for law enforcement officers responding to unlawful assemblies from both civil and criminal liability.

The qualified immunity analysis applicable to Plaintiff's federal constitutional claims focuses on whether the defendant officer violated a Plaintiff's clearly established constitutional rights. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). In contrast, the statutory immunity provided to officers responding to an unlawful assembly[1] bars both civil and criminal liability so long as the officer's actions were "reasonably necessary under all the circumstances" to disperse the unlawful assembly. Va. Code § 18.2-412.

In Virginia, an officer's use of force "within reasonable limits" to effect a lawful arrest is neither an assault nor a battery. *Davidson v. Allam*, 143 Va. 367, 373, 130 S.E. 245, 246 (1925). In adopting Va. Code § 18.2-412, therefore, the General Assembly codified its belief that the standard generally applicable to the use of force during arrests was insufficient to adequately protect law enforcement officers who are forced to act to disperse unlawful assemblies. Plaintiff's reliance, in contrast, on the "objective reasonableness" standard applicable to federal constitutional claims would essentially reduce § 18.2-412 to a nullity, providing officers no more protection than the constitution and common law already provide. Virginia courts would not interpret an act of the General Assembly to be meaningless. *City of Richmond v. Grand Lodge of Virginia, A.F. & A.M.*, 162 Va. 471, 476, 174 S.E. 846, 848 (1934) ("Under the usual and elementary rules of construction the language of a statute must be construed so as to give that

---

[1] Frazer has argued at length that an unlawful assembly was properly declared on June 23, 2020 in both his Brief in Support of Rule 12(b)(6) Motion to Dismiss, ECF No. 40, and his Reply Brief in Support of Rule 12(b)(6) Motion to Dismiss. ECF No. 54. Frazer incorporates those arguments into this Reply as is fully set out herein.

2

language some meaning where it is possible to do so, without doing violence to the clear intent and purpose of the enactment.").

In Va. Code § 18.2-412, the General Assembly intended to provide immunity to law enforcement officers for their actions in dispersing unlawful assemblies beyond that already available under the common law. That immunity extended even to acts for which an officer might otherwise face criminal liability. This immunity, therefore, is more protective than that afforded by qualified immunity and represents the General Assembly's considered judgment about the policy that best serves the interests of the Commonwealth.

### III. Frazer is entitled to statutory immunity from Counts IV and V.

Frazer is alleged to have used less lethal munitions in the course of dispersing an unlawful assembly. ECF No. 1 ¶ 42. He did so after at least 15 minutes of warnings that less lethal munitions would be used were broadcast to the barricaded individuals—including Plaintiff—without any effort by those individuals to comply. ECF No. 1-2. Moreover, Plaintiff and others were outfitted with helmets, shields, goggles, masks, respirators, umbrellas, and even sticks and other weapons to actively resist efforts to disperse them. *Id.* It is clear that the use of less lethal munitions was necessary to disperse the crowd.

Plaintiff also specifically alleges that Frazer fired a projectile at "the upper portion of [Plaintiff's] body" while "in close proximity." ECF No 1 ¶ 42. Plaintiff's allegations are incorrect; Frazer did not fire a projectile at the time Plaintiff claims he was hit. But even were these allegations accurate, Va. Code § 18.2-412 is nonetheless clear that Frazer is entitled to immunity from Plaintiff's state law claims. Plaintiff was engaged in the criminal activity of failing to disperse from an unlawful assembly, and the use of less lethal munitions to disperse the

crowd was plainly necessary. Frazer qualifies for the immunity provided by Va. Code § 18.2-412, and Plaintiff's state law claims should be dismissed for want of jurisdiction.

## CONCLUSION

For the reasons outlined above, as well as those stated in Frazer's Brief in Support of Rule 12(b)(1) Motion to Dismiss, Frazer respectfully moves the Court to dismiss Counts IV and V of the Complaint with prejudice.

**BENJAMIN J. FRAZER**

By Counsel

/s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Blaire H. O'Brien (VSB No. 83961)
Counsel for Benjamin J. Frazer
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com
bobrien@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 3rd day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Wirt P. Marks, IV, Esq.
>City of Richmond
>900 East Broad Street
>Suite 400
>Richmond, VA 23219
>804-646-3019 - Phone
>804-646-6653 - Fax
>Wirt.Marks@Richmondgov.com

Steven D. Brown, Esq. (VSB No. 42511)
Whitney E. Nelson (VSB No. 95911)
Lindsey A. Strachan (VSB No. 84506)
IslerDare PC
411 East Franklin Street, Suite 203
Richmond, VA 23219
804-489-5500 - Phone
804-234-8234 - Fax
sbrown@islerdare.com
wnelson@islerdare.com
lstrachan@islerdare.com

Thomas L. Johnson, Jr., Esq. (VSB No. 38814)
Christopher L. Anderson, Esq. (VSB No. 35173)
Bricker Anderson & Johnson, PC
411 East Franklin Street, Suite 504
Richmond, VA 23219
804-649-2304 - Phone
804-649-3380 - Fax
johnson@brickeranderson.com
anderson@brickeranderson.com

Miriam Airington-Fisher, Esq. (VSB No. 78260)
Jennifer Quezada, Esq. (VSB No. 93716)
Airington Law
The Colonnade Building
4050 Innslake Drive Suite 190
Glen Allen, VA 23060
804-774-7117 - Phone
804-597-5424 - Fax
mairington@airingtonlaw.com
jquezada@airingtonlaw.com

Robert B. McEntee, Jr., Esq.
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
804-786-7829 - Phone
RMcEnteeJr@oag.state.va.uss

/s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Blaire H. O'Brien (VSB No. 83961)
Counsel for Benjamin J. Frazer
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com
bobrien@hccw.com